UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JETTANNA D. WILEY-BURRUSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-0427 (RBW) |
| | ) | |
| RAY MABUS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

In this action brought *pro se* under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to e-17 (2006), the plaintiff claims that she was fired from her job "as a police officer with the Naval District of [the] Washington Police Force . . . due to discrimination with unjust cause." Complaint ("Compl.") at 1. The defendant, Secretary of the Navy, moves to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56 on the ground that the complaint is untimely. Upon consideration of the parties' submissions and the entire record, the Court will grant the defendant's motion for summary judgment.

## I. FACTUAL BACKGROUND

The relevant undisputed facts are as follows. The Navy hired the plaintiff as a student trainee on May 14, 2007, and fired her on January 10, 2008. Defendant's Statement of Material Facts Not in Genuine Dispute ¶¶ 1, 3. On March 19, 2008, the plaintiff filed with the agency a formal discrimination complaint, in which she claimed that she was subjected to a hostile work environment, sexual harassment, retaliation and discrimination on the bases of her race (African American), color (black), and gender. *See* Defendant's Motion to Dismiss, or in the Alternative,

Motion for Summary Judgment ("Def.'s Mot."), Exhibit ("Ex.") A [Dkt. No. 8-2]. On September 22, 2009, an Administrative Judge ("AJ") of the Equal Employment Opportunity Commission ("EEOC") issued a written ruling adverse to the plaintiff. *See* Def.'s Mot., Ex. D [Dkt. No. 8-5]. On November 4, 2009, the defendant issued its "Final Order," which "fully implemented" the AJ's decision. *Id.*, Ex. A at 1. The defendant advised the plaintiff of her right to appeal to the EEOC "up to thirty [] calendar days after receipt of this Final Order" or to file a lawsuit in federal court within 90 days of receipt of the notice of the right to appeal. *Id.* at 2-3.

The docket shows that the Clerk of Court first received the plaintiff's complaint and application to proceed *in forma pauperis* ("IFP") on March 5, 2010. *See* Dkt. Nos. 1, 2. The case was noted as filed by the Clerk of Court on March 16, 2010, after the plaintiff's IFP motion was granted on March 12, 2010. *See* Case Caption; Dkt. No. 2.

## II. DISCUSSION

### I. Standard of Review

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When ruling on a Rule 56(a) motion, the Court must view the evidence in the light most favorable to the non-moving party. *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000)). The Court must therefore draw "all justifiable inferences" in the non-moving party's favor and accept the non-moving party's evidence as true. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party, however, cannot rely on "'mere allegations or denials,'" *Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002) (quoting *Anderson*, 477 U.S. at 248) (internal quotation

2

marks omitted), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Simply put, "conclusory allegations unsupported by factual data will not create a triable issue of fact." *Pub. Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 908 (D.C. Cir. 1999) (internal quotation marks and citations omitted). To survive a properly supported motion for summary judgment, the non-moving party must show that a genuine factual issue exists by "(A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c). Any factual assertions in the moving party's affidavits will be accepted as being true unless the opposing party submits her own affidavits or other documentary evidence contradicting the assertion. *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir. 1992).

## II. Legal Analysis

The defendant argues that the complaint should be dismissed because the plaintiff failed to timely file this action. *See* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or in the Alternative Motin [sic] for Summary Judgment at 3-5. A Title VII claimant has 90 days from the receipt of an EEOC right-to-sue notice or a notice of final agency action to file a civil action. *See* 42 U.S.C. § 2000e-5(f)(1). The 90-day requirement for filing a civil action is subject to waiver, estoppel, and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The "hurdle" for equitable tolling, however, is high. *Communications Vending Corp. of Arizona, Inc. v. F.C.C.,* 365 F.3d 1064, 1075 (D.C. Cir. 2004) (citation omitted). "The court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances." *Mondy v. Sec'y of the Army*, 845

F.2d 1051, 1057 (D.C. Cir. 1988). "[I]n the absence of some equitable tolling, a civil suit filed even one day late is time-barred and may be dismissed." *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). The defendant has the burden of proving that an action is untimely and, once the defendant satisfies that burden, the burden shifts to the plaintiff to assert that equitable principles justify avoidance of the defense. *Bowden v. U.S.*, 106 F.3d 433, 437 (D.C. Cir. 1997).

The defendant has presented evidence showing that the final agency action dated November 4, 2009, was delivered to the plaintiff's address by certified mail on November 12, 2009, and that the plaintiff signed for the delivery. *See* Def.'s Mot., Exs. B & C. The plaintiff does not present any evidence to refute those facts but rather merely asserts that she received the notice two weeks later[1], that her "date of receipt November 25, 2009 allotted [her] a grace period up until February 25, 2010" to file her lawsuit, and that she "filed with the District Court on February 22, 2010." Memo [Dkt. No. 11]. However, the Clerk's "Received" stamp of March 5, 2010, contradicts the plaintiff's asserted filing date, and there is no dispute that February 25, 2010, was the latest date for her to file a timely complaint under Title VII. Furthermore, the plaintiff has not articulated an equitable basis for tolling the 90-day filing period. The Court therefore concludes that the defendant, having shown that the complaint was untimely filed, is entitled to judgment as a matter of law.[2]

                                               _____s/_____
                                               Reggie B. Walton
Date: February 23, 2011                   United States District Judge

---

[1] The defendant states that it mailed a second notice of the agency's final decision to the plaintiff on November 24, 2009, "to further verify that she received the [decision]." Reply in Support of Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment [Dkt. No. 12], Affidavit of Isaac J. Natter ¶ 7.

[2] A separate Order accompanies this Memorandum Opinion.